**BANK OF COMMERCE AND TRUST CO., et al., Plaintiffs,**

**v.**

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA., Defendant.**

**No. 84–C–932–B.**

United States District Court, N.D. Oklahoma.

Jan. 10, 1986.

**475**

Mike Barclay, Tulsa, Okl., for Officers and Directors of Bank of Commerce and Trust Co.

Sidney G. Dunagan, Tulsa, Okl., for FDIC in its corporate capacity, assignee of claims as liquidating agent of Bank of Commerce.

John R. Woodard, III, Tulsa, Okl., for National Union Fire.

## ORDER

BRETT, District Judge.

This matter comes before the Court on the motions of plaintiffs and defendant for partial summary judgment. Plaintiffs have requested the Court hear oral argument on these motions. After reviewing this matter, the Court concludes oral argument is not necessary. Plaintiffs' request is, therefore, denied. For the reasons set forth below, the motions for summary judgment are denied.

This is an action for declaratory relief concerning a directors' and officers' liability and corporate reimbursement insurance policy. The policy was issued to plaintiffs effective January 9, 1982, to January 9, 1985. During the period of coverage, a civil action was instituted by Westland En-

ergy 1981–1 Ltd. against plaintiffs Bank of Commerce and Trust Co. ("Bank of Commerce") and Senior Vice President Larry D. Sweet ("Sweet") seeking damages for alleged violations of state and federal securities laws and for fraud, deceit, conversion, negligence, negligent entrustment, breach of duty to bank customers, conspiracy and violations of the Oklahoma Banking Statute. Westland alleges, *inter alia*, that Sweet and the Bank conspired to engage in a fraudulent plan to raise money for their own benefit involving the sale of limited partnership interests. Westland alleges that Sweet and Bank made misrepresentations and concealed material facts in the sale of these limited partnership interests and that Sweet intended to divert money from the Westland plaintiffs to his own benefit.

Plaintiffs herein contend that the defense in the Westland action has already cost $112,000 in attorney fees and other costs. Plaintiffs contend that these costs constitute a "loss" under the insurance policy with National Union for which they should be compensated. Defendant contends that the money spent in defense of the Westland action does not constitute a "loss" under the insurance policy, that in any case the expenses of defense are not a covered loss and finally, that even if these expenses are a covered loss defendant need not reimburse plaintiffs for these costs on an "as incurred" basis.

The insurance contract between Bank of Commerce and National Union is a Directors' and Officers' liability or D & O policy. Such policies generally consist of two policies issued in tandem. The first provides for reimbursement of funds disbursed by the company by way of indemnification of corporate personnel. The second provides coverage for liability of directors and officers not indemnifiable by the company. The corporate reimbursement form insures the corporation against certain defined "losses" arising from claims against directors and officers for "wrongful acts" (as defined in the policy), but only when the company is required or

permitted to indemnify the directors or officers under state law or company bylaws. Coverage, under this section, is defined by the company's duty or power to indemnify. *See,* Henn & Alexander, Laws of Corporations, § 381 (3d ed. 1983).

The directors and officers liability form covers the individual directors and officers against loss arising from claims against them for wrongful acts in cases where they are not indemnified by the company. *Id.*

The insurance policy between the parties herein follows this general outline. The corporate reimbursement form provides coverage for losses arising from the wrongful acts of directors or officers "in their respective capacities as Directors or Officers of the Company, but only when the Directors or Officers shall have been entitled to indemnification...." [Policy, Page 1, Clause 1]. The D & O liability form provides coverage to directors and officers for claims arising from wrongful acts which are not indemnified by the company. This form excludes coverage for any claim "based upon or attributable to their gaining in fact of any personal profit or advantage to which they were not legally entitled." [Policy, Page 1, Clause 4(b)].

In the Westland action, the defendants are, among others, the Bank of Commerce, Hurricane Energy Corporation, HEC Supply Company and Larry D. Sweet. Sweet is senior vice president of Bank of Commerce and Trust Co. and owner, officer and/or director of Hurricane Energy Corp. and HEC Supply. Thus, it is unclear to what extent the allegations against Sweet in the Westland action are based on his actions as an officer of Bank of Commerce and to what extent they are premised on actions as an officer and owner of Hurricane Energy and HEC Supply. This uncertainty makes it impossible at this time to determine to what extent National Union may be liable for expenses incurred by Bank of Commerce in defending the Westland action.

Summary judgment must be denied if a genuine issue of material fact is presented to the trial court. *Exnicious v. United States,* 563 F.2d 418, 425 (10th Cir.1977). In making this determination, the evidence must be viewed in the light most favorable to the party against whom judgment is sought. *National Aviation Underwriters, Inc. v. Altus Flying Service, Inc.,* 555 F.2d 778, 784 (10th Cir.1977). Factual inferences tending to show triable issues must be resolved in favor of the existence of those issues. *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1377 (10th Cir.1980).

■ The Court finds there are genuine issues of material fact to be resolved and which make summary judgment inappropriate. Plaintiffs contend that they have incurred a loss of some $112,000 in defending the Westland action. Plaintiffs contend this "loss" is covered by the insurance contract with National Union. However, there are factual issues which remain unresolved which will determine whether all of the $112,000 "loss" is, indeed, a loss covered by the insurance policy. Among these questions is the extent of liability of Larry D. Sweet as an officer of Bank of Commerce and as an owner and officer of Hurricane Energy and HEC Supply. The insurance policy provides coverage for any losses Bank of Commerce and Trust suffers as a result of indemnification of Sweet, but no coverage is provided for any liability incurred by Sweet other than in his role as an officer of the Bank. Until this factual question is resolved, it cannot be determined how much, if any, of the $112,000 loss is reimbursable under the insurance policy.

■ It is also possible that Sweet's alleged actions which are at issue in the Westland action may be excluded from coverage under Clauses 4(b) and (e) of the Directors and Officers Liability form. Thus, there remain factual issues as to whether Sweet's alleged actions fall within the coverage of the policy and whether plaintiffs are to be reimbursed for any losses arising from the claims against Sweet. Until these questions are resolved, defendant has no obligation to reimburse plaintiffs for their "losses." Thus, the question of whether defendant is to pay

losses on an "as incurred" basis is moot until these other factual questions are resolved. Therefore, the plaintiffs' Motion for Partial Summary Judgment is denied. For the same reasons, defendant's Motion for Summary Judgment is also denied.

This matter is set for non-jury trial at 9 a.m., on May 27, 1986. Proposed Findings of Fact and Conclusions of Law and any Trial Briefs should be submitted to the court by May 19, 1986. An agreed pre-trial order should be submitted by May 12, 1986, and the parties should exchange all pre-marked exhibits at that time. Cutoff for discovery is April 28, 1986. By April 18, 1986, the parties should exchange the names of all witnesses, in writing. A brief description should be included of the testimony of any witness whose deposition has not been taken.